UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ZELLA A. POWELL,

    Plaintiff,

v.                                                           Case No.: 8:04-cv-832-T-23MAP

MORTON PLANT MEASE HEALTH
CARE, INC.,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff, a former food service coordinator at Mease Dunedin Hospital, claims the Defendant violated the Fair Labor Standards Act (FLSA) when it failed to pay her overtime wages. *See* 29 U.S.C. §§ 201, *et seq*. Both sides move for summary judgment, and the core issue is whether the Plaintiff primarily managed others thereby making her exempt from the overtime provisions of the FLSA (docs. 22 and 24). Plaintiff says she does not manage others, at least as the term, management, is used in the regulations and case law applying the FLSA, while the Defendant says she meets the exemption requirements under the Act. After considering the summary judgment record, however, I find material disputed issues exist regarding the scope of the Plaintiff's primary job duties. Accordingly, I recommend the district judge deny Plaintiff's and Defendant's summary judgment motions.[1]

*A. Standard of Review*

Motions for summary judgment should only be granted when the pleadings, depositions,

---

[1] The district judge referred the matter to me for a report and recommendation (docs. 22 and 27). *See* 28 U.S.C. § 636 and Local Rule 6.01(b).

answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The existence of some factual disputes between the litigants will not defeat an otherwise properly supported summary judgment motion; "the requirement is that there be no *genuine* issue of *material* fact."  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986) (emphasis in original).  The substantive law applicable to the claimed causes of action will identify which facts are material.  *Id.*

   *B. Background*

Defendant is part of BayCare Health Systems, "a corporate entity that operates under a joint operating agreement combining nine hospitals in the Tampa Bay area and multiple other integrated health delivery systems."  *See* doc. 22, p. 2.  These include Mease Hospital Dunedin, Morton Plant Hospital, Mease Countryside Hospital, and North Bay Hospital.  On November 18, 2001, Defendant hired Plaintiff as a food service coordinator in the food and nutrition services department at Mease Dunedin Hospital which provides food for the cafeteria and patient rooms at Mease Dunedin and Mease Countryside.  While both sides dispute her actual job responsibilities, the general job description for a food service coordinator lists these duties:

> Coordinates daily food service operations including preparation, distribution and service to patients, cafeteria, catering and other customers.  Oversees and maintains quality control monitors and takes corrective action as necessary.  Assist with TM functions to include interviewing, performance appraisals, disciplinary action, and scheduling.  Coordinates TM orientation and training and competency assessment.  Responsible for the overall security of the department.
> *See* Defendant's Ex.13.

Plaintiff was compensated as a salaried employee for most of her employment.  She initially

received a weekly salary of $431.60 and eventually reached a weekly salary of $463.60 with additional compensation for weekends, a second shift, or for more than twelve hours during a shift. Plaintiff also worked in positions that Defendant considered non-exempt, for which the Defendant paid her straight time. Defendant explains that its payroll software reflected Plaintiff's salary as an hourly wage on her pay records, even though she was a salaried employee. This was true for all of Defendant's employees, whether they were exempt or non-exempt. Therefore, for payroll purposes, Plaintiff's starting salary was reflected as a wage of $10.79 per hour.

On November 23, 2003, Defendant began paying Plaintiff and other food service coordinators on an hourly basis, rather than on a salary basis as they were paid before. At that point, Defendant began paying food service coordinators one and one-half times their regular rate for working in excess of forty hours per workweek. Defendant terminated Plaintiff on February 27, 2004.

### C.    Discussion

The FLSA requires employers to pay qualified workers who work more than forty hours per week "overtime compensation." 29 U.S.C. § 207(a)(1). The Act defines "overtime compensation" as compensation at a rate not less than one and one-half times the regular rate at which the employee is employed. 29 U.S.C. § 207(a)(1). Those "employed in a bona fide executive, administrative, or professional capacity" who receive payment on a salary basis are exempt from the overtime requirement. 29 U.S.C. § 213 (a)(1). When a dispute arises whether an employee is exempt or not under the Act, the employer bears the burden of showing the employee meets the professional exemption. *Evans v. McClain of Ga.*, 131 F.3d 957, 965 (11th Cir. 1997). Thus, courts construe the exemption narrowly against the employer. *Id.* Where material issues of fact exist concerning

whether an employee is exempt from the FLSA's overtime provisions, summary judgment should not be granted. *Id.* at 965-66.

To determine whether an employee is exempt from the FLSA, and thus not entitled to overtime compensation, the Department of Labor promulgates two separate tests, a "long test" and a "short test." Both sides agree that the short test applies here. That test governs when the employee's salary is at a rate of at least $250 per week. 29 C.F.R. § 541.1. Thus, under this test, an employee may be classified as a bona fide executive employee if the employee is paid on a salary basis and whose primary duty "consists of the management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof, and includes the customary and regular direction of the work of two or more other employees therein. . . ." *See* 29 C.F.R. § 541.1(f). "The determination of whether an employee has management as his primary duty must be based on all the facts in a particular case." *See* 29 C.F.R. § 541.103. An important factor to consider is whether the individual spends over 50 percent of his time performing management duties. *Id.* However, time alone is not the only indicator of whether an individual has management as his primary duty. *Id.* Other factors are "the relative importance of the managerial duties as compared with other types of duties, the frequency with which the employee exercises discretionary powers, his relative freedom from supervision, and the relationship between his salary and the wages paid other employees for the kind of nonexempt work performed by the supervisor." *Id.* Other duties that might be indicative of managerial responsibilities include:

> interviewing, selecting, and training of employees; setting and adjusting their rates of pay and hours of work; directing their work; maintaining their production or sales records for use in supervision or control; appraising their productivity and efficiency for the purpose of recommending promotions or other changes in their status; handling their complaints and grievances and disciplining

> them when necessary; planning the work; determining the techniques to be used; apportioning the work among the workers; determining the type of materials, supplies, machinery or tools to be used or merchandise to be bought, stocked, and sold; controlling the flow and distribution of materials or merchandise and supplies; providing for the safety of the men and the property.

29 U.S.C. § 541.102.

With this regulatory scheme in mind, the parties dispute most, if not all, of Plaintiff's job responsibilities and whether these duties qualify or disqualify her for overtime pay. Plaintiff characterizes her work as simply ensuring that the kitchen functioned properly on a daily basis. Plaintiff claims that she did not make the schedules, create menus, or order food. According to Plaintiff, she did not discipline, hire, or fire; instead, she only reported problems to the manager. Moreover, she did not earn significantly more than other employees in food service, and her compensation varied from week to week based upon how much she worked. No one reported to her and she never evaluated or supervised any employees. Plaintiff maintains she spent most of her time with non-executive duties like checking food temperature, expiration dates, recipes, and other physical duties like service food and washing dishes.

Defendant, however, claims the Plaintiff performed a host of managerial tasks: supervised twenty to twenty-five employees, ensured employees reported to work on time, reported why an employee was late, found replacements for absent employees, resolved any schedule changes, opened the kitchen and the safe in the morning, attended to quality control matters, offered recommendations on hiring and firing decisions, handled patient and delivery complaints, and dealt with employee problems in the absence of the manager. Defendant notes it paid Plaintiff significantly more than other non-managerial workers, she was the only supervisor in the Mease Dunedin food and nutrition department on weekends, and she carried a cell phone in the event of

5

a problem or patient need. Finally, Defendant asserts it compensated her as a salaried employee for most of her employment, paying her a weekly salary ranging from $431.60 to $463.60. While Defendant admits Plaintiff performed non-executive duties occasionally, it argues that fact did not make her eligible for overtime pay under the FLSA. Simply because a manager performs non-managerial work, so the Defendant argues, does not mean the manager qualifies for overtime pay. *Donovan v. Burger King*, 672 F.2d 221, 226 (1st Cir. 1981)(the fact that an employee performs non-managerial duties "does not negate the conclusion that his primary duty is management.")

Despite the burden imposed on the employer in FLSA cases as outlined in *Evans,* 131 F.3d at 965-66, I find disputed issues of material fact exist whether Plaintiff's primary duties were managerial in nature. In short, after applying a summary judgment perspective, neither side has met its burden of proof showing it, as a matter of law, is entitled to a judgment as a matter of law.

*D. Conclusion*

Accordingly, it is

RECOMMENDED:

1. Plaintiff's Motion for Partial Summary Judgment (doc. 22) and Defendant's Corrected Motion for Summary Judgment (doc. 24) be **DENIED**.

IT IS SO REPORTED at Tampa, Florida, on this 5th day of April, 2005.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within ten days from the date it is served on the parties shall bar an aggrieved party from a *de novo* determination by the district court of issues covered in the report. It shall also bar the party from attacking on appeal the factual findings in the report accepted or adopted by the district court except upon grounds of plain error or manifest injustice.  28 U.S.C. § 636(b)(1)(C); Local Rule 6.02; *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir. 1982) (*en banc*).


cc:     The Honorable Steven D. Merryday
        Counsel of Record