UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ZELLA A. POWELL,

    **Plaintiff,**

v.                              Case No. 8:04-cv-832-T-23MAP

MORTON PLANT MEASE HEALTH
CARE, INC.

    **Defendant**
                                          /

## PLAINTIFF'S RESPONSE TO
## DEFENDANT'S MOTION FOR STAY OF JUDGMENT

      Plaintiff, Zella A. Powell ("Powell"), by and through her undersigned counsel, responds to Defendant Morton Plant Mease's Motion for Stay of Judgment as follows:

      Federal Rule of Civil Procedure 62(d) governs stays of judgment. "A literal reading of *Fed. R. Civ. P.* 62(d) indicates that a court can issue a stay pending appeal only when the judgment debtor posts a supersedeas bond. The only exceptions to this rule appear to be the special cases of *Fed. R. Civ. P.* 62(a), which are actions involving injunctions, receiverships or patent accountings." *Avirgan v. Hull*, 125 F.R.D. 185, 186 (S.D. Fla. 1989)(internal citation omitted)(referring to the circumstances where a bond is not necessary as "rare").

      In its motion, Morton Plant asserts that because it is wealthy it should not have to comply with the requirements of the Federal Rules of Civil Procedure by either satisfying the judgment or posting the appropriate bond. Powell disagrees. The fact that Morton

Plant has a lot of money should not determine whether it needs to comply with the Rules. If the circumstances were different and it was Powell who was facing a judgment, Powell would be required to post a bond. Powell has every right to expect the same of Morton Plant. *See generally Griffin v. Illinois,* 373 U.S. 12, 19 (1964)("There can be no equal justice where the kind of trial a man gets depends on the amount of money he has.").

A number of apparently very successful entities have declared bankruptcy, including WorldCom and Enron. Health care providers much larger than Morton Plant have also declared bankruptcy. For example, in July 1998, the Allegheny Health, Education, and Research Foundation declared bankruptcy. Allegheny Health, a much larger hospital chain then Morton Plant, included Allegheny General Hospital in Pittsburgh and largest private medical school in the United States, the MCP-Hahnemann School of Medicine in Philadelphia. The $1.3 billion bankruptcy was the nation's largest nonprofit health care failure.[1]

In light of Morton Plant's asserted financial condition, they should have no difficulty securing the appropriate bond, paying the money into the registry of the Court, or paying Powell what they owe her.

In sum, Powell simply asks that the Court require Morton Plant to comply with the provisions of the Federal Rules of Civil Procedure.

---

[1] For a detailed discussion of the Allegheny Health bankruptcy see Burns, Lawton R., Cacciamani, John, Clement, James, and Aquino, Welman, *The Fall Of The House Of AHERF: The Allegheny Bankruptcy - A chronicle of the hows and whys of the nation's largest nonprofit health care failure*. Health Affairs, Jan/Feb 2000. Available at: http://hcmg.wharton.upenn.edu/burnsl/PDF%20Files/Fall%20House%20of%20AHERF%20Jan_feb%202000%20HA.pdf

Respectfully submitted,

/s/ Gregory K. Showers
Gregory K. Showers
Florida Bar No. 000760

/s/ Ryan D. Barack
Ryan D. Barack
Florida Bar No. 0148430
Kwall, Showers, Coleman & Barack, P.A.
133 North Fort Harrison Avenue
Clearwater, Florida 33755
(727) 441-4947
(727) 447-3158 Fax
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing has been furnished by the Court's Electronic Case Filing System this 16th day of November 2005 to the following:

Kevin D. Johnson
Thompson, Sizemore & Gonzalez, P.A.
501 E. Kennedy Boulevard
Suite 1400,
P.O. Box 639
Tampa, Florida 33602

/s/ Ryan D. Barack
Attorney