UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ZELLA A. POWELL,

    Plaintiff,

v.                                        CASE NO: 8:04-cv-832-T-23MAP

MORTON PLANT MEASE
HEALTH CARE, INC.,

    Defendant.
_____/

## ORDER

Pursuant to Rule 62(d), Federal Rules of Civil Procedure, the defendant moves (Doc. 106) for a stay of the judgment pending the defendant's appeal and seeks to obtain the stay without posting the required supersedeas. The motion argues that the defendant's "cash and investment reserves of $491 million" and the defendant's ties to this judicial district justify an exception to the general rule.[1] However, precisely because the defendant enjoys "cash and investment reserves" measured in the hundreds of millions of dollars, the posting of a good and sufficient supersedeas in this action is effortless and virtually without cost (the defendant's insurers undoubtedly will perform

---

[1] The motion provides only an unsupported estimate of the defendant's present worth and fails to provide either a "secure plan for maintaining that same degree of solvency" or a judgment guaranty in lieu of the bond. Poplar Grove Planting and Refining Co., Inc. v. Bache Halsey Stuart, Inc., 600 F.2d 1189, 1191 (5th Cir.1979) (the court may depart from the general rule and "substitute some form of guaranty of judgment responsibility for the usual supersedeas" if the record contains "evidence which would permit court to objectively determine that judgment debtor was presently capable of responding to judgment [and] that such capability would continue for indefinite time").

the service as licenced sureties or the defendant's banks undoubtedly will issue an irrevocable letter of credit as an accommodation to a large depositor--the possibilities abound). Accordingly, the defendant's motion (Doc. 106) for a stay without a supersedeas is **DENIED**. Federal Prescription Service, Inc. v. American Pharmaceutical Ass'n, 636 F.2d 755, 760-61 (D.C. Cir. 1980) ("Because the stay operates for the appellant's benefit and deprives the appellee of the immediate benefits of his judgment, full supersedeas [ ] should be the requirement in normal circumstances."); see also Advanced Estimating System, Inc. v. Riney, 171 F.R.D. 327, 328 (S.D. Fla. 1997) (only extraordinary circumstances warrant departure from the general rule requiring a supersedeas).

ORDERED in Tampa, Florida, on November 22, 2005.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

cc: U.S. Magistrate Judge
Courtroom Deputy