UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ZELLA A. POWELL,

    Plaintiff,

v.                                                      CASE NO.: 8:04-CV-832-T-23MAP

MORTON PLANT MEASE HEALTH
CARE, INC.,

    Defendant.

_____/

**REPORT AND RECOMMENDATION**

    Plaintiff, a former food service coordinator for Defendant, sued the Defendant claiming it failed to pay her overtime wages in violation of the Fair Labor Standards Act ("FLSA"). *See* 28 U.S.C. §§ 201, *et seq*. After a two-day trial, the jury agreed, and per the parties' stipulation, the Court awarded her $11,000 in damages plus interest, fees, and costs. Now, her attorneys demand $106,050 in fees and $7,903.05 in costs (docs. 88, 98). The Defendant, while not objecting to Plaintiff's costs, opposes the fee demand on two grounds: the quoted hourly rates are too high and she achieved only limited success. After a hearing on these matters, I find Mr. Barack's hourly rate reasonable and Mr. Showers' rate unreasonable; accordingly, I recommend the Plaintiff's motion for fees and costs be granted in part to that extent that Plaintiff be awarded $100,794 in fees and $7,903.05 in costs.[1]

    *A. Fee Standards*

    The starting point in fashioning an award of attorney's fees is to multiply the number of

---

[1]The district judge referred this matter to me for a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 6.01(b). *See* doc. 101.

hours reasonably expended by a reasonable hourly rate. This "lodestar" may then be adjusted for the results obtained. *Duckworth v. Whisenant*, 97 F.3d 1393, 1396 (11th Cir. 1996); *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292-1303 (11th Cir. 1988). The party who applies for attorney's fees is responsible for submitting satisfactory evidence to establish both that the requested rate is in accordance with the prevailing market rate and that the hours are reasonable. *Duckworth* at 1396; *Norman* at 1303. For rates, the applicant usually meets her burden by offering direct evidence of rates charged under similar circumstances or expert opinion. *Norman* at 1303. And, if the moving party presents inadequate documentation to support her claim, the court can rely on its own experience or affidavits in the record. *Mills by Mills v. Freeman*, 118 F.3d 727, 734 (11th Cir. 1997); *Norman* at 1303.

   *B. Discussion*

   Plaintiff's attorneys, Ryan Barack and Gregory Showers, billed Plaintiff for 424.2 hours at a rate of $250 per hour for a total of $106,050. Mr. Barack points to his achievement as a board certified labor law attorney to support his hourly rate, and Mr. Showers points to his thirteen years experience to support his hourly rate. Additionally, Plaintiff submits an affidavit by a local lawyer specializing in employment law (Matthew K. Fenton) attesting to the reasonableness of the hourly rate and hours expended by Plaintiff's counsel in this case. *See* doc. 93. Defendant, however, argues that the hourly rate is too high and is not in line with the prevailing market rate in the Tampa Bay area. It recommends that Mr. Barack receive $175 per hour and Mr. Showers $160 per hour. Defendant also maintains that the total fee award should be reduced by 67% because Plaintiff only achieved limited success, pointing to Plaintiff's original plan to pursue a collective action which was abandoned during discovery.

Since Defendant does not object to the hours expended, the issues are whether the hourly rate is reasonable and whether the lodestar should be adjusted downward. Plaintiff offers opinion evidence to support her hourly rate as required by *Norman.* That affidavit, together with the Court's own familiarity with fees usually charged in this market for similar work, are sufficient to establish that the $250 per hour rate claimed by Mr. Barack is reasonable and consistent with prevailing market rates in this locality. Notably, Defendant does not offer any counter-affidavits that Barack's rates are unreasonable. However, I agree with Defendant's argument that this case did not require representation by two attorneys billing at a lead counsel's rate. Mr. Showers' affidavit demonstrates, he "only bec[ame] significantly involved when the trial of this matter was eminent." *See* doc. 88, Exh. 2. Therefore, I find it appropriate to reduce Mr. Showers' hourly rate to $160 per hour. As Defendant argues, Plaintiff fails to show why it was necessary to have two lawyers bill at $250 per hour; one lawyer should have billed at an associate level. Therefore, Plaintiff's total fee award should be $100,794 (365.8 hours at $250 per hour for Mr. Barack and 58.4 hours at $160 per hour for Mr. Showers). While a fee of $100,794 may seem inordinate when compared to Plaintiff's $11,000 recovery, this result is not unusual in this type of case. *See Wales v. Jack M. Berry, Inc.,* 192 F. Supp. 2d 1313 (M.D. Fla. 2001) (citing cases where attorney's fees were several multiples more than damages awarded.) As for Defendant's contention that the lodestar should be reduced because Plaintiff abandoned her collective action, Plaintiff properly excised those hours from her fee request. Accordingly, it is hereby

      RECOMMENDED:

1.     Plaintiff's Motion to Tax Attorneys' Fees and Expenses (doc. 88) be GRANTED to the extent that Plaintiff be awarded $100,794 in fees and taxed $7,903.05 in costs.

IT IS SO REPORTED at Tampa, Florida on November 29, 2005.

_____
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date it is served on the parties shall bar an aggrieved party from a *de novo* determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice. 28 U.S.C. § 636(b)(1)(C); Local Rule 6.02; *Nettles v. Wainright*, 677 F.2d 404 (5th Cir. 1982) (*en banc*).

cc    Hon. Steven D. Merryday
      Counsel of Record