UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ZELLA A. POWELL,

    Plaintiff,

v.                           Case No. 8:04-cv-832-T-23MAP

MORTON PLANT MEASE HEALTH
CARE, INC.

    Defendant
_____/

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Zella A. Powell ("Plaintiff" or "Powell"), by and through her undersigned counsel and pursuant to Local Rule 6.02 herby responds to Defendant's Objections to the Magistrate Judge's Report and Recommendation.

After reviewing the record and hearing arguments of counsel, Magistrate Judge Pizzo found that undersigned counsel Ryan Barack should receive his regular hourly rate for the representation of Powell in this matter.[1] Defendant Morton Plant Mease Health Care, Inc. ("Defendant" or "Morton Plant") seeks review of this recommendation. Specifically, Morton Plant appears to take issue with the following finding contained at page 3 of the *Report and Recommendation*:

> Since Defendant does not object to the hours expended, the issues are whether the hourly rate is reasonable and whether the lodestar should be adjusted downward. Plaintiff offers opinion evidence to support her

---

[1]     Magistrate Pizzo also recommended that the Court reduce the hourly rate of Mr. Showers to $160 per hour so that one lawyer was billing at an associate level. *Report and Recommendation* at 3.

hourly rate as required by *Norman*. That affidavit, together with the Court's own familiarity with fees usually charged in this market for similar work, are sufficient to establish that the $250 per hour rate claimed by Mr. Barack is reasonable and consistent with prevailing market rates in this locality. Notably, Defendant does not offer any counter-affidavits that Barack's rates are unreasonable.

Powell submits that Magistrate Pizzo was correct in approving Barack's hourly rate for the following three reasons: 1) there was no conflicting record evidence; 2) case law supports the rate sought; and 3) Powell was ably represented by her counsel.

**1.** **There Is No Conflicting Record Evidence.**

As discussed by Magistrate Pizzo, expert testimony can assist the Court in providing evidence of appropriate hourly rate. *See Norman v. Housing Authority of City of Montgomery,* 836 F.2d 1292, 1303 (11th Cir. 1988). In the case, the only record evidence is that the undersigned counsel Barack's regular hourly is the market rate for labor and employment attorneys in the Tampa Bay area of similar skill, reputation and experience who frequently represent plaintiffs. In fact, the declaration of Powell's fee expert, Mathew Fenton, notes that he is unaware of any Board Certified plaintiff's employment attorneys in the Tampa Bay area who charge less than $250 per hour.

As noted in the Report and Recommendation, Morton Plant had the opportunity to submit an affidavit from an expert that undersigned counsel's hourly rate was not appropriate or to opine on Barack's skill, experience and reputation. Defendant did not do so. Therefore, the only record evidence before the Court is that Barack's skill, experience and reputation warrant his regular hourly rate of $250 per hour.

Defendant now seeks to make late, unsupported assertions as to their counsel's hourly rate. Even assuming *arguendo* it was in a form that it could be considered by the Court, it should have no impact on the Court's analysis. *See generally, HCA Health*

*Servs. of Fla., Inc. v. Hillman*, 870 So. 2d 104, 106 (Fla. 2d DCA 2003)("The fees of a prevailing party cannot be predicated upon the fees of one's opponent."). Defendant has also submitted no evidence that the hourly rate charged by a large defense firm that does a large volume of work for a client has any relationship with the hourly rate charged to an individual plaintiff.

Magistrate Pizzo's determination was correct based upon the evidence submitted and should be adopted by this Court.

**2.     Recent Awards In Other Cases Support The Rate Sought.**

Defendant attempts to argue that Barack's hourly rate is excessive by pointing to fee awards in other cases. However, the cases cited by defendant are approximately five and six years old.

Recent case law illustrates that Barack's hourly rate is in fact low relative to the rates approved for other members of the Middle District labor and employment bar. For example in *Dail v. George A. Arab, Inc*., 391 F. Supp. 2d 1142 (M.D. Fla. 2005) the Orlando division of this Court approved the hourly rate of $350 per hour for lead plaintiff's counsel in a single plaintiff FLSA case. Plaintiff's counsel in the *Dail* was not Board Certified in Labor & Employment Law. In *Serrano v. McDonald's Corp.*, 8:03-cv-1432-T-24MAP (M.D. Fla. February 25, 2005) the Court awarded $325 per hour to Board Certified lead defense counsel in an employment case.

The hourly rate sought by counsel in this case is significantly lower than those recently approved in *Dail* and *Serrano.* As detailed in the previously filed declaration of Barack, it is the regular hourly rate that Barack charges fee paying clients.

### 3. Powell Was Ably Represented By Counsel.

Morton Plant challenges undersigned counsel Barack's skill, reputation and experience. This Court has been able to observe Plaintiff's counsels' skill through the motions, legal memoranda, and presentation at trial. In addition, the Court was able to witness Plaintiff's counsels' interactions with the Court, Court personnel, jury, witnesses, parties and opposing counsel. It is respectfully suggested that Plaintiff's counsel presented and litigated this matter in a manner that demonstrated competent knowledge of the FLSA, trial presentation and professionalism.

In addition, undersigned counsel Barack is Board Certified in Labor and Employment Law by The Florida Bar.[2] "The purpose [Board Certification] is to identify those lawyers who practice labor and employment law and who have demonstrated special knowledge, skills, and proficiency to be properly identified to the public as certified as labor and employment lawyers." *Rule 6-23.1 Rules Regulating the Florida Bar.* As part of the certification process, counsel Barack had to prove his experience acting as primary attorney in employment litigation and submit evidence of his "special competence and substantial involvement in the field of labor and employment law, as well as [his] character, ethics, and reputation for professionalism." *Rule 6-23.3(c & d) Rules Regulating the Florida Bar*

Undersigned counsel Barack's education, reputation and experience are more fully detailed in the previously filed declarations.[3]

---

[2] Neither Mr. Johnson nor Mr. Gonzalez are Board Certified in labor and employment law.
[3] Contrary to defendant's assertion this case was not Barack's first significant trial experience in federal court. Barack also notes that responding to defendant's appeal will

Powell respectfully requests that this Court reject defendant's objection to Magistrate Pizzo's recommendation and award her counsel the hourly rate sought.

Respectfully submitted,

/s/ Ryan D. Barack
Ryan D. Barack
Florida Bar No. 0148430
Gregory K. Showers
Florida Bar No. 000760
Kwall, Showers, Coleman & Barack, P.A.
133 North Fort Harrison Avenue
Clearwater, Florida 33755
(727) 441-4947
(727) 447-3158 Fax
Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a copy of the foregoing has been furnished via the CM/ECF system this 12th day of December 2005 to Kevin D. Johnson, Thompson, Sizemore & Gonzalez, P.A., 501 E. Kennedy Boulevard, Suite 1400, P.O. Box 639, Tampa, Florida 33602.

/s/ Ryan D. Barack

---

not be his first experience with appellate law, as he has argued before the Eleventh Circuit and Second District Court of Appeals.